963 F.2d 382
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John A. DAHLSTROM; Marylin H. Dahlstrom; Alexco, a limited
partnership; Tracy Bancorp, a Utah corporation;
and Trabanc, a Utah corporation,
Plaintiffs-Appellants,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION, Defendant-Appellee.
 No. 91-4006.
 United States Court of Appeals, Tenth Circuit.
 May 15, 1992.
 
 Before JOHN P. MOORE and MCWILLIAMS, Circuit Judges, and HUNTER, District Judge.*
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 This is an appeal from a summary judgment entered on behalf of the defendant Federal Deposit Insurance Corporation as receiver for the First Republic Bank of Dallas. The court held that plaintiffs' state common law claims against Republic for estoppel, bad faith, duress, and conspiracy could not be asserted against the FDIC under the doctrine of D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447 (1942), and 12 U.S.C. § 1823(e). This ruling was based upon the district court's finding that the plaintiffs' claims were grounded in oral agreements undocumented in Republic's records. We agree with the district court's analysis and affirm.[1]
 
 
 2
 This action was originally commenced against Republic on various federal statutory and state common law claims allegedly arising from or related to certain loan and security agreements between plaintiffs and Republic. Plaintiffs sought to have enforcement of the loan agreements estopped; to have their obligations declared unenforceable; to reduce or eliminate the amounts owing on the agreements; to have all liens and encumbrances arising out of the agreements declared void; to have the loan agreements reformed; and damages. Generally, the state common law pendent claims were that Republic engaged in secret, conspiratorial oral side agreements, and made fraudulent representations to plaintiffs in connection with loans made to them for the purpose of acquiring the stock of Tracy Collins Bank & Trust. Plaintiffs contended the object of Republic's actions was to bring Tracy Collins to ruin so that Republic could acquire it below the market price.
 
 
 3
 After Republic was declared insolvent, FDIC, as receiver, succeeded to Republic's interests in this action. The FDIC filed a motion for summary judgment, contending the common law claims were unenforceable and barred under the doctrine of D'Oench and § 1823(e).
 
 
 4
 The motion was initially referred to a magistrate judge and ultimately determined by the district court upon objections to the magistrate's report. The district court held all the claims asserted by the plaintiffs arose from the claimed oral side agreements and were barred by D'Oench, Langley v. FDIC, 484 U.S. 86 (1987), and § 1823(e). The court stated:
 
 
 5
 The court is of the opinion that the pleadings in this matter demonstrate that the alleged agreements and misrepresentations, if any, were oral side agreements not included in the loan documents. The loan documents are silent with respect to Republic's alleged agreement with the First Security defendants [other parties dismissed prior to the summary judgment] to try to obtain the stock of Tracy Collins at distressed prices, Republic's alleged intent to prevent the sale of Tracy Collins to Zions, [an alleged transaction plaintiffs made that was frustrated by Republic] and Republic's alleged promise to make future loans.
 
 
 6
 R. II, 567.
 
 
 7
 Plaintiffs asserted summary judgment was improper because there were disputed issues of material fact. They contended Republic had made a "credit bid" to buy Tracy Collins; therefore, all the plaintiffs' debts to Republic were satisfied. Nevertheless, plaintiffs submitted no concrete evidence of the existence of this so-called "credit bid."
 
 
 8
 The only effort they made was in an affidavit executed by John A. Dahlstrom, in which he stated: "RepublicBank Dallas [sic] purported to make a credit bid for the stock of Tracy Collins Bank and Trust Company...." R. II, 588 (emphasis added). Nonetheless, the district court found no evidence of the transaction and held that plaintiffs had failed to show "the obligations to Republic have been totally satisfied."
 
 
 9
 Finding no disputed material facts, the district court concluded plaintiffs' claims were barred and summary judgment was rendered. This appeal ensued.
 
 
 10
 Critical to plaintiffs' appeal is their contention that the so-called "credit bid" actually existed. They admit they produced no documentation of the bid, but they seek to avoid this default by claiming the documentation was "sealed" by a state court. Assuming the validity of that assertion, nothing in the record indicates that plaintiffs made any attempt to obtain that documentation by subpoena or otherwise. Nevertheless, they now ask this court to accept the unsupported and self-serving claim of John Dahlstrom as evidence of a fact upon which their whole case rests. That request rings hollow in the absence of any effort either to produce documents essential to the defense or to indicate an effort to obtain the evidence was impeded in any way.[2]
 
 
 11
 Under these circumstances, we believe plaintiffs' arguments are disingenuous. For example, they baldly assert, "The evidence in the record indicates that Republic collected its notes and satisfied its claims against [plaintiffs] by making a credit bid for collateral which included all the common stock of Tracy." There is no evidence whatever in the record to support this statement. They claim, "The credit bid fully satisfied appellants' obligations to Republic." They argue neither D'Oench nor § 1823(e) applies because "[the credit bid] clearly modifies Republic's original loan, it is in writing, was executed by Republic, was approved by the Republic Board, and has from its inception been a record of Republic." This whole cloth contention is supported only by reference to Mr. Dahlstrom's statement that a "purported" credit bid was made. (Apts. Opening Brief at 13). It is particularly noteworthy that even Mr. Dahlstrom's affidavit is silent about (1) modification, (2) a written instrument, (3) execution, (4) Board approval, and (5) "a record of Republic."
 
 
 12
 A party resisting a motion for summary judgment cannot rest on the pleadings or otherwise sit on its hands. It must come forward and with "specific facts" show there are genuine issues for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). See also Clemmons v. Bohannon, 956 F.2d 1523 (10th Cir.1992). The only assertion made by plaintiffs in opposition to FDIC's motion for summary judgment was the claim of a purported credit bid. That qualified assertion is not a specific fact. It therefore does not satisfy the plaintiffs' burden of going forward. As a result, defendant's motion for summary judgment was uncontroverted, and a factual base for each of plaintiffs' arguments about the inapplicability of D'Oench is nonexistent.
 
 
 13
 Without legal support, plaintiffs also argue that their state claims are not subject to the D'Oench doctrine because they are tort claims arising out of Utah law. Nevertheless, courts have held claims founded upon state law, or claims sounding in tort are subject to the D'Oench bar. Capizzi v. FDIC 937 F.2d 8 (1st Cir.1991) (The assertion of a D'Oench defense to a claim grounded in state law results in the application of federal, not state, law to the claim.). "D'Oench bars defenses and affirmative claims whether cloaked in terms of contract or tort," Timberland Design, Inc. v. First Serv. Bank for Sav., 932 F.2d 46, 50 (1st Cir.1991).
 
 
 14
 A number of other perplexing issues exist in this case which are unanswered in the record. For example, plaintiffs admit prior to the filing of the complaint an involuntary petition in bankruptcy was filed against them. They do not explain, therefore, how they have standing to proceed in this action as any claim they assert would be an asset of their bankruptcy estate. Nor do they disclose why their personal representative in bankruptcy is not a party in this case or whether they obtained leave of the bankruptcy court to pursue this action. They also contend that Republic filed a claim in the bankruptcy case to which they objected without response from Republic. They state, therefore, that any debt they owe to Republic has been discharged. Nonetheless, there is no documentation whatever of these asserted facts. Finally, they do not attempt to reconcile their contention that the debt has been discharged with their claims in the complaint for reformation of the obligation. Fortunately, because of our disposition of the case, we do not have to seek answers to these conundrums.
 
 
 15
 AFFIRMED.
 
 
 
 *
 Honorable Elmo B. Hunter, Senior District Court Judge for the United States District Court for the Western District of Missouri, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The court had previously dismissed all federal claims asserted by plaintiffs, and no appeal was taken from that dismissal. Because the court proceeded with the case thereafter without a specific ruling, we infer that the court exercised its discretion under United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966), and retained jurisdiction over the pendent state claims
 
 
 [2]
 Plaintiffs do not assert, for example, they filed an affidavit under Fed.R.Civ.P. 56(f) showing that they needed documents in the custody of the state court to properly respond to the motion for summary judgment, nor do they contend an effort to obtain the documents directly from the state court was denied